Taxes; income tax; failure to file administrative refund claim; pro se plaintiff. — On June 6, 1980 the court entered the following order:
*681 Before Friedman, Chief Judge, Nichols and Smith, Judges.
The defendent has moved to dismiss this federal income tax refund suit on the ground that the taxpayers have failed to file with the Commissioner of Internal Revenue a timely claim for refund. We deny the defendant’s motion, without prejudice to its subsequent renewal on the basis of additional facts that may be developed.
The plaintiffs filed a timely federal income tax return for 1975, which included deductions of $2,059 for automobile expenses and $511 for a business expense of "tuition,” and which showed an overpayment of $1,375. This was refunded to the plaintiffs. Following an audit, however, the Internal Revenue Service in 1976 assessed a deficiency of $496.92 plus interest, based upon its partial disallowance of deductions the plaintiffs had taken for interest and business travel expenses. In response, the plaintiffs accountant informed the Service that the plaintiffs accepted the determination, but requested that the deficiency be reduced to $357 because "[a] new letter from Mr. White’s employer dated October 18, 1976 indicates the deductibility of two additional courses as educational expense in the amount of $501 less $114 = $387.92.” The District Director refused to make the reduction, and the plaintiffs paid the deficiency. In 1977 plaintiffs filed an amended return for 1975 seeking a refund of $1,375, with the explanation "eductional travel expenses previously disallowed, we can now prove.”
The present petition seeks a refund of $135. It states: "Mr. Herndon White took two skill improving courses the tuition for which was not deducted on the original Form 1040 for 1975. The Tuition amount was $387.00.”
Section 7422(a) of the Internal Revenue Code of 1954 bars the maintenance of any tax refund suit unless a claim for the taxes involved has been filed with the Commissioner. The defendant contends that the plaintiffs have not sati-sifed this requirement because the claim they now assert, based upon alleged eductional expenses, was not included in the claim for refund in the amended 1975 tax return they filed in 1977.
It is unclear, however, whether the refund the plaintiffs there sought relating to "educational travel previously *682 disallowed” covers the educational expenses upon which the present claim is based. The original return listed travel and educational expenses as separate deductions. The words "educational travel expenses” in the 1977 amended return may have inadvertently left out the word "and” between the words "educational” and "travel.” Moreover, the $387 of educational expenses for which the plaintiffs’ accountant requested the Commissioner to reduce the deficiency was based upon "the deductibility of two additional courses as educational expense.” This is the same amount as the educational expenses for which the plaintiffs now seek a deduction.
The plaintiffs are proceeding pro se, and we therefore permit them somewhat greater latitude in pleading than we would give to a lawyer. It may well be that, after the facts have been more fully developed, it will be clear that the plaintiffs’ 1977 refund claim did not cover the claims they assert in the present petition. At this stage of the proceedings, however, we do not have sufficient facts to enable us to make that determination.
The motion to dismiss is denied, without prejudice to its renewal on the basis of additional facts that may be developed.